# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Darius Jamal Hardrick,

      Plaintiff,

v.

Raphael Ray Washington,

      Defendant.

_____

Case No. 22-10189
District Judge Linda V. Parker
Magistrate Judge Jonathan J.C. Grey

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

Darius Jamal Hardrick brings a pro se complaint under 42 U.S.C. § 1983 against Raphael Ray Washington, alleging violations of his Ninth Amendment Rights. (ECF No. 1.) This matter is before the Court on Washington's motion to dismiss[1] (ECF No. 4), to which Hardrick responded (ECF No. 41).

For the following reasons, the Court **RECOMMENDS** that Washington's motion to dismiss be **GRANTED**.

---

[1] Although Washington titled his motion as a "motion for summary judgment," the body of the motion exclusively refers to Rule 12(b)(6) and requests dismissal of the case. The Court thus understands this to be a motion to dismiss.

I.   **Hardrick's Complaint**

Hardrick sets forth the following allegations. On January 31, 2020, Hardrick was incarcerated at the Wayne County Jail, where Washington is the deputy chief, for the alleged assault of a police officer.[2] (ECF No. 1, PAGEID.5; ECF No. 9, PAGEID.43.) Hardrick states that he was required to appear at the State of Michigan's 36th District Court on January 31, 2020 at 8:30 a.m. for an unrelated civil case before Judge Kevin Robbins.[3] (ECF No. 1, PAGEID.5.) Hardrick notified the sheriffs under Washington's supervision and a nurse about his court date. *Id.* He also told his family and friends to contact Judge Robbins. *Id.* However, "all efforts failed" and no one took him 36th District Court. *Id.*

Hardrick alleges that the Wayne County sheriffs' failure to transport him to 36th District Court violated his Ninth Amendment rights and that he is entitled to $25,000,000. *Id.*

II.   **Standard of Review**

   **A. Motion to Dismiss**

To survive a motion to dismiss under Federal Rule of Procedure 12(b)(6), a plaintiff must comply with Rule 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Bell Atlantic Corp. v.*

---

[2] This charge was ultimately dismissed for lack of sufficient evidence. (ECF No. 9, PAGEID.43.)
[3] Washington clarifies that this court date was for a pre-trial conference regarding a parking ticket. (ECF No. 4, PAGEID.20.)

2

*Twombly*, 550 U.S. 544, 545 (2007). A plaintiff must also illustrate the grounds of their entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).

When assessing a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted).

### B. Ninth Amendment

The Ninth Amendment states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The Ninth Amendment does not independently secure any constitutional right." *Young v. Palmer*, No. 10-CV-10117, 2012 WL 1906231, at *2 (E.D. Mich. May 25, 2012) (citing *Strandberg v. City of Helena,* 791 F.2d 744, 748 (9th Cir.1986)). Instead, the Ninth Amendment ensures that the Constitution would not be read to deny fundamental rights "merely because they were not specifically

enumerated in the Constitution." *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991) (citation omitted).

### III. Analysis

Washington argues that Hardrick failed to plead a cognizable constitutional violation because (1) the Ninth Amendment does not confer independent rights, (2) he only pled Washington's supervisory liability, and (3) failed to explain the nature of any alleged violations. (ECF No. 4.) Hardrick contends that the Ninth Amendment confers his right to travel to court. (ECF No. 9.)

First, since the Ninth Amendment does not independently confer any constitutional rights, Hardrick failed to state a claim upon which relief can be granted. Hardrick's "right to travel" argument also fails. Although the Sixth Circuit has held that there is a right to travel locally through public spaces, *Johnson v. City of Cincinnati*, 310 F.3d 484, 497 (6th Cir. 2002), incarceration circumscribes any such right.

Second, Section 1983 liability must be based on more than respondeat superior. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citation omitted). Hardrick's complaint only alleges that Washington, as deputy chief, supervised the officials who should have transported him to 36th District Court. Hardrick's claim thus also fails because Washington's involvement was solely supervisory. Hardrick

4

fails to identify any specific individuals that he allegedly alerted whom failed to transport him to court.

Hardrick's allegations do not rise to the level of a constitutional claim. Accordingly, Hardrick's complaint must be dismissed.

## IV. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Washington's motion to dismiss be **GRANTED**.

Dated:   July 22, 2022                    s/**Jonathan J.C. Grey**
                                          Jonathan J.C. Grey
                                          United States Magistrate Judge

**Notice to the Parties About Objections**

      Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

      A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 22, 2022.

                                              <u>s/ **S. Osorio**</u>
                                              Sandra Osorio
                                              Case Manager